IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY DANA MARIE HOWARD,<br><br>Defendant. | Case No. 3:23-cr-173<br><br>**UNITED STATES' MOTION IN LIMINE TO EXCLUDE PLEA NEGOTIATIONS** |

The United States of America moves the Court for an Order prohibiting the Defendant from testifying or asking any witnesses about statements made during plea negotiations with the Defendant, Ashley Dana Marie Howard including, without limitation, testimony or statements contained in or related to the following proffer letters:

1. Proffer letter of June 26, 2023, from Richard Lee to Jennifer Braun.

2. Proffer letter of January 30, 2024, from Richard Lee to Jennifer Braun.

The first proffer letter was made approximately three months after the Defendant was charged in Cass County for possession of 40 grams or more of fentanyl with intent to deliver.  State of North Dakota vs. Ashley Dana Marie Howard, 09-2023-cr-01297 (information filed March 21, 2023).  The proffer letter advised the Defendant that she was involved in a federal drug trafficking and firearm investigation and offered the Defendant the opportunity to proffer with the possibility of federal avoiding charges.  The second proffer letter was sent after the Defendant was indicted in this matter, and it offered the possibility of a cooperation plea agreement in exchange for the Defendant's proffer.  The Defendant rejected each offer and proceeded to trial.

Under Rule 408 of the Federal Rules of Evidence,

(a) Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—. . . to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative or enforcement authority.

(b) Exceptions. The Court may admit this evidence for another purpose, such as proving a witness' bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The Eighth Circuit has held that government proposals concerning pleas are inadmissible based on the rational of Federal Rule of Evidence 408. United States v. Verdoorn, 528 F.2d 103, 107 (8th Cir. 1976). "Government proposals concerning pleas should be excludable" in order to encourage "[m]eaningful dialogue between the parties." United States v. Alexander, 679 F.3d 721, 732 (8th Cir. 2012) (citing Verdoon, 528 F.2d at 107). Defendant's may not offer a rejected plea agreement to show consciousness of innocence. United States v. Greene, 995 F.2d 793, 798 (8th Cir. 1993). Offering the rejected plea agreement is simply a prior statement consistent with a plea of not guilty, which is inadmissible hearsay. Id.

In this case the United States extended two formal offers to the Defendant to testify against co-defendant Martell Dixon, who is the Defendant's long-term boyfriend. The Defendant was charged with a felony crime of possession with the intent to distribute at the time of each offer. The first offer was made after the Defendant was

charged in Cass County District Court and the second was made after the Defendant was indicted in this case. Each offer was made to secure the Defendant's substantial assistance against her co-defendant in return for favorable treatment in the federal case and/or the state case. The offers were clearly statements made in connection to the plea negotiation process.

Importantly, neither offer promised the Defendant consideration in exchange for truthful assistance, and both offers allowed for the possibility that the Defendant would be convicted of a felony under state or federal law. Therefore neither offer is evidence of innocence. Even though the first offer by the United States suggested that the Defendant could avoid federal prosecution, it did not promise that she would avoid federal prosecution even if she provided substantial assistance, and it made no representation regarding her pending state charges. Thus, this is a different situation than in United States v. Biaggi, in which the Second Circuit held that a defendant's rejection of a grant of immunity from prosecution may be considered by the jury as consciousness of innocence where the defendant denies knowledge of the crime. 909 F.2d 662, 690 (2nd Cir. 1990). There, the Court noted that the inference of an innocent state of mind is not nearly as strong in a case where a defendant rejects a plea agreement. Id. at 691. That is the situation here. Regardless, the Eighth Circuit has rejected the distinction drawn by the Second Circuit. Greene, 995 F.2d 793, 798 (We do not see a relevant distinction between plea agreements and immunity agreements, except, perhaps, as to the weight that jurors might give to them.")

Any attempt by the Defendant to offer this type of plea negotiation evidence[1] should be excluded because it violates clearly established Eighth Circuit case law that protects the plea negotiation process, and because it is self-serving inadmissible hearsay. Accordingly, the United States requests that the Court rule <u>in limine</u> to exclude any offers of evidence regarding proposed proffers, plea agreements, or any other offers to compromise that the United States extended to the Defendant. The United States further requests that the Court order the Defendant to make an offer of proof prior to eliciting the above evidence.

Dated: June 4, 2024

                                            MAC SCHNEIDER
                                            United States Attorney

By:   /s/ *Matthew D. Greenley*
        MATTHEW D. GREENLEY
        Assistant United States Attorney
        MN Bar ID 034252X
        655 First Avenue North, Suite 250
        Fargo, ND 58102-4932
        (701) 297-7400
        matthew.greenley@usdoj.gov
        Attorney for United States

---

[1] For example, the United States seeks to exclude evidence of proffer agreements that the Defendant would offer to show the United States believed the co-defendant was solely guilty, or to show that Howard rejected the proffer letters because she in fact had no knowledge of the charged crime.